IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | | |
|---|---|---|
| ROMIE H. MILLER III, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:05-CV-1012 DAK |
| | ) | |
| v. | ) | District Judge Dale A. Kimball |
| | ) | |
| STATE OF UTAH, | ) | **MEMORANDUM DECISION** |
| | ) | |
| Respondent. | ) | Magistrate Judge Brooke Wells |

_____

Petitioner, Romie H. Miller III, an inmate at Duchesne County Jail, petitions for habeas corpus relief.[1] The Court denies him.

BACKGROUND

Employees of a trucking company found child pornography in a briefcase Petitioner had left in a truck he had returned after leasing it from the company. They called police, who, without a warrant, searched the briefcase and seized the pornography. Police arrested Petitioner and searched his newly leased truck as well. Petitioner was charged with ten counts of second-degree-felony sexual exploitation of a minor. He unsuccessfully moved to suppress the evidence from the search and seizure. He was then convicted by a jury on all ten counts, after which he was sentenced to concurrent terms of one-to-fifteen years per count.

Petitioner appealed to the Utah Court of Appeals. There, he raised the following arguments: (1) The trial court should have

---

[1] *See* 28 U.S.C.S. § 2254 (2008).

suppressed the evidence from the warrantless search of Petitioner's briefcase because (a) Petitioner did not abandon his briefcase; and (b) the police officer who initially searched Petitioner's briefcase exceeded the private search's scope.  (2) Under Utah Rule of Evidence 404(b), the trial court abused its discretion in admitting two exhibits of Petitioner's legal adult pornography.[2]  Against these challenges, the Utah Court of Appeals affirmed Petitioner's convictions.

Petitioner next filed a petition for writ of certiorari in the Utah Supreme Court, in which he raised these issues:  (1) Whether the court of appeals used the correct authority, *United States v. Jacobsen*,[3] to analyze the search of Petitioner's briefcase.  (2) Whether Petitioner had a reasonable expectation of privacy.  (3) Whether the government's warrantless search of the briefcase exceeded the private search's scope.  And, (4) whether the trial court's admission of exhibits 163 and 164 was error, when the exhibits should have been excluded under Rule 403, the prosecution made improper arguments about them, and their admission violated his double jeopardy rights.  (The latter two--the prosecution's improper arguments and the double jeopardy

---

[2]Petitioner also raised the issue of whether Utah Code Ann. § 76-5a-3, the statute under which Petitioner was charged, was unconstitutionally overbroad on its face.  But, the Utah Court of Appeals did not address this issue because it had not been raised in the trial court and so had not been preserved for appeal.

[3]446 U.S. 109 (1984).

violation--were not raised in the Utah Court of Appeals and are therefore discussed in the below analysis under exhaustion and procedural default.)  The petition was denied on June 1, 2005.

Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.  His time limit to do so ran out around August 29, 2005.  Nor, based on the record at hand, has Petitioner filed a state petition for post-conviction relief.

In his *pro se* petition here, Petitioner raises myriad grounds for federal habeas relief.  The first four are those brought before the Utah Supreme Court.  Other arguments not raised in state court at all follow:  (1) Police found in Petitioner's briefcase exculpatory evidence that was not produced in discovery or court.  (2) Evidence from Petitioner's luggage was corrupted in police custody.  (3) Counsel was ineffective in numerous instances at trial and on direct appeal.  (4) The evidence was insufficient, especially in light of Petitioner's "proper purpose" defense.  (5) Jury instruction twenty-eight was inappropriate.  (6) At trial, the prosecutor made several improper remarks, deemed misconduct.  (7) The jury verdict was not unanimous.  (8) Petitioner's double jeopardy right was violated when he was charged more than once under the same statute for behavior from a single episode.  (9) The evidence from the government's search of Petitioner's second truck should have been suppressed as fruit of the poisonous tree.  And, (10)

state actors at trial impermissibly applied their moral and religious beliefs to state law in convicting Petitioner.

The State has responded, urging that the Fourth Amendment issues and the evidentiary question may not validly be raised in this federal habeas context.  It also argues that all the other challenges are procedurally defaulted and thus ineligible for consideration here.

ANALYSIS

I.  Fourth Amendment Issues

All issues as to the warrantless search and seizure--i.e., whether Petitioner abandoned the briefcase, had an expectation of privacy, and police exceeded the scope of the private search-- fall within this Fourth Amendment category.  And, the State is correct that this category is not cognizable here.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."[4]  The Tenth Circuit has held that "such opportunity 'includes, but is not limited to, the procedural opportunity to raise or otherwise present a Fourth Amendment claim,' a full and fair evidentiary hearing and 'recognition and

_____

[4]*Stone v. Powell*, 428 U.S. 465, 494 (1976).

4

at least colorable application of the correct Fourth Amendment
constitutional standards.'"[5]

Indeed, Petitioner had this opportunity.  Before trial, he
moved to suppress evidence from the search of his briefcase and
trucks.  After full hearing, with testimony of several witnesses
and argument, the trial court denied the motion, entering
findings of fact and conclusions of law.  Petitioner then brought
his Fourth Amendment issues to the Utah Court of Appeals, which
extensively evaluated them, with a more than "colorable
application of the correct Fourth Amendment standards," under
*Jacobsen*.[6]  Because Petitioner's claims were fully and fairly
litigated in state court, this Court denies his Fourth Amendment
challenges here.[7]

## II.  Admission of Exhibits 163 and 164

Next, the Court considers Petitioner's argument that, under
the Utah Rules of Evidence, the trial court abused its discretion
in admitting two exhibits showing that Petitioner had possessed
certain legal adult pornography.  "A habeas petitioner is only

---

[5]*McKinney v. Dist. Attorney*, No. 05-1435, 2006 U.S. App. LEXIS 19308, at
*4-5 (10th Cir. Aug. 1, 2006) (unpublished) (quoting *Gamble v. Oklahoma*, 583
F.2d 1161, 1165 (10th Cir. 1978)).

[6]466 U.S. at 109.

[7]*See Thompson v. McKune*, No. 08-3038, 2008 U.S. App. LEXIS 18386, at *4-
5 (10th Cir. Aug. 25, 2008) (unpublished); *Anderson v. Kansas*, No. 06-3263,
2007 U.S. App. LEXIS 7537, at *5-7 (10th Cir. Mar. 30, 2007) (unpublished);
*McKinney*, 2006 U.S. App. LEXIS 19308, at *5; *Harjo v. Gibson*, No. 99-7041,
2000 U.S. App. LEXIS 14381, at *29 (10th Cir. June 21, 2000) (unpublished);
*Shobe v. McKune*, No. 06-3307-JAR, 2007 U.S. Dist. LEXIS 77719, at *27-28 (D.
Kan. Oct. 16, 2007).

entitled to relief, however, for alleged violations of federal rights, not for errors of state law.  Generally speaking, a state court's misapplication of its own evidentiary rules . . . is insufficient to grant habeas relief."[8]  About these exhibits, the only exhausted arguments Petitioner raised in the state courts were based entirely on state law.  Thus, this Court refuses relief on this issue.

### III. Exhaustion and Procedural Default

The State is correct that Petitioner's ten other issues--listed above--in addition to the two other arguments about exhibits 163 and 164 (the prosecution's improper comments about the exhibits and the exhibits' violation of double jeopardy protections), were unexhausted and are procedurally barred.

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[9]  This means Petitioner must properly present to the highest available Utah court the federal constitutional issues on which he seeks relief.[10]  Here, Petitioner did not specifically

---

[8] *Bullock v. Carver*, 297 F.3d 1036, 1055 (10th Cir. 2002) (citing *Estelle v. McGuire*, 502 U.S. 62, 67, 72 (1991)); *see also Phillips v. Sirmons*, No. CIV-01-45-JHP, 2008 U.S. Dist. LEXIS 29277, at *108 (E. Dist. Okla. Apr. 9, 2008) ("Federal courts simply do not have the authority to decide questions concerning the admissibility of evidence under state law.").

[9] *See* 28 U.S.C.S. § 2254(b) & (c) (2008); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 U.S. App. LEXIS 28231, at *5 (10th Cir. Nov. 9, 1998) (unpublished).

[10] *See Picard*, 404 U.S. at 275-276; *Knapp*, 1998 U.S. App. LEXIS 28231, at *5-8.

present his other issues to any Utah court, let alone the Utah Supreme Court.[11]

The United States Supreme Court has declared that when a petitioner has "'failed to exhaust his state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred' the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief."[12]

Utah's Post-Conviction Remedies Act (PCRA) states, "A person is not eligible for relief under this chapter upon any ground that . . . could have been but was not raised at trial or on appeal."[13]  The additional grounds Petitioner raises--except for ineffective assistance of counsel on appeal--could have been brought on direct appeal and are, therefore, now ineligible for state post-conviction relief.

The PCRA further states that a state petition for post-conviction relief must be filed within one year of "the last day for filing a petition for writ of certiorari in the . . . United

_____

[11]This excepts the two additional arguments about the exhibits, which were procedurally defaulted because they were not raised in the Utah Court of Appeals, before they were raised in the Utah Supreme Court.

[12]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[13]Utah Code Ann. § 78B-9-106(1)(c) & (e) (2008); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .") (citation omitted).

States Supreme Court, if no petition for writ of certiorari is filed."[14]  So, even if Petitioner were to try now to file a state post-conviction-relief petition to effect exhaustion of any of these issues, including ineffective assistance of counsel on appeal, the statute of limitation has run out and such a petition would not be accepted.

Specifically, Petitioner filed no petition for writ of certiorari in the United States Supreme Court after the Utah Supreme Court decision on June 1, 2005.  Time to do so expired around August 29, 2005.  One year later, around August 29, 2006, Petitioner's time to file a state post-conviction petition ran out.  Under Utah law, then, Petitioner may not raise his current arguments in future state habeas petitions, and the state courts would determine them to be procedurally barred.

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[15]  Petitioner has argued neither cause and prejudice nor a fundamental miscarriage of justice that justify his procedural default.

---

[14]Utah Code Ann. § 78B-9-107(c) (2008).

[15]*Thomas*, 218 F.3d at 1221 (alteration in original) (citation omitted).

In sum, the Court determines Petitioner raised none of the ten enumerated issues above before the Utah Supreme Court. Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case. Indeed, Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice excusing his default.

CONCLUSION

Petitioner's Fourth Amendment and evidentiary claims are not cognizable under federal habeas review. And, all Petitioner's other claims are procedurally barred. IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.

DATED this 19th day of September, 2008.

BY THE COURT:


DALE A. KIMBALL
United States District Judge

9